UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

HECTOR O. BORGES,

        Plaintiff,

        v.                                        Case No. 21-C-744

JOSEPH BOELTER,
SCOTT HILL, and
EDWARD SCHULTZ,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Hector Borges, who is currently serving a state prison sentence at Redgranite Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Borges paid the $402 civil case filing fee when he filed his complaint. This matter comes before the Court to screen the complaint.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient

to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Borges alleges that, on February 12, 2020, the dayroom was closed for an extended period of time because the staff phone was down. He explains that cells in general population do not have bathrooms and that, while the dayroom was closed and during count, officers refused to let the inmates out of their cells to use the bathroom. According to Borges, at about noon, he asked Defendants Edward Schultz and Scott Hill if he could use the bathroom because he had been holding it for about an hour and he urgently needed to go. Borges asserts that they refused to let him use the bathroom, so he defecated in his pants. Borges states that he immediately told Schultz and Hill what had happened and asked if he could go to the bathroom to clean himself up, but Defendant Joseph Boelter said no, stating "The deed is already done go back to your room." Dkt.

No. 1 at 3. Borges asserts that he was not allowed to clean himself or his clothes for more than an hour.

### THE COURT'S ANALYSIS

To state a conditions-of-confinement claim under the Eighth Amendment, a plaintiff must allege that "he suffered a sufficiently serious deprivation" and that the "defendants acted with a culpable state of mind—one of deliberate indifference to a substantial risk of harm." *Cunningham v. Eyman*, 17 F. App'x 449, 453 (7th Cir. 2001) (citations omitted). Borges fails to allege "that he suffered a sufficiently serious constitutional deprivation, which must be 'extreme' to be actionable." *Id.* (citing *Delaney v. DeTella*, 256 F.3d 679, 682-83 (7th Cir. 2001)). As the Seventh Circuit has repeatedly made clear, "the Constitution does not require that prisoners be comfortable" and "[c]onditions that do not fall below contemporary standards of decency are constitutional." *Id.* at 454.

Borges alleges that, as a result of Defendants' actions, he defecated in his pants and spent about an hour in soiled clothing. Although no doubt uncomfortable, this hardship was temporary and "not of sufficient severity to implicate the Eighth Amendment." *Cunningham*, 17 F. App'x at 454 (prisoner who spent four to five hours in soiled clothing after being denied use of the bathroom did not suffer a constitutional violation). Accordingly, the Court will dismiss this action because Borges fails to state a claim upon which relief may be granted. Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). Borges' complaint is thorough in its allegations of facts surrounding this claim, so the Court finds that further amendment would be futile.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this 23rd day of June, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.